## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN NATHANIEL SHAW,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH FERNANDES,** *et al.,* | : | **NO. 18-228** |
| *Defendants.* | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                        **JANUARY 24, 2018**

Plaintiff Brian Nathaniel Shaw has filed this civil action against Joseph Fernandes, Jeri Hope Behrman, Kathleen Kim, Jeffrey C. Bruch, Patricia McGhettigan, Lindsay Margaret Palmer, Darin-Wiggs Hughes, Steven Grilli, and Nashanta C. Robinson. He has also filed a motion to proceed *in forma pauperis*. Mr. Shaw's motion to proceed *in forma pauperis* is **GRANTED**, pursuant to 28 U.S.C. § 1915 because it appears that he is incapable of paying the fees necessary to commence this action. However, Mr. Shaw's complaint is DISMISSED, without prejudice, with leave to file an amended complaint.

## I.      FACTS

In his complaint, Mr. Shaw alleges that in February and March of 2017, his "sons and daughters were kidnapped by CPS and Philadelphia Police Department and child human traffickers without proper warrants, false claims, perjury, obstruction of justice, conspiracy to obstruct justice, apartheid, aggravated physical assault, false arrest and false imprisonment, abuse of process." (Compl. at 3.) He further contends that "CPS agents kidnapped [his] sons and daughter, lied under perjury several times, took [his] sons and daughter unlawfully without

1

proper warrant, cause harm and injury to [his] sons and daughter, obstructed justice by forcing a public defender to represent myself, obstructing justice and abuse of power by not allowing me to file my documents." (*Id.*) Mr. Shaw vaguely alleges that these actions violated his civil rights under 42 U.S.C. § 1983 (*id.* at 2), as well as various criminal statutes, including 18 U.S.C. §§ 876, 1001, 1621, and 3571 (*id.* at 4).

## II.    STANDARD OF REVIEW

Because the Court is granting Mr. Shaw leave to proceed *in forma pauperis*, his complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the complaint if it fails to state a claim.    Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).    "[M]ere conclusory statements do not suffice." *Id.*  As Mr. Shaw is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is

sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

It is difficult for the Court to discern the precise basis for Mr. Shaw's claims against the Defendants based on the manner in which the complaint is pled. It appears that Mr. Shaw is upset about proceedings that removed his children from his custody. As an initial matter, however, Mr. Shaw has failed to state a claim against the Defendants because nothing in the complaint describes how they were responsible for violating Mr. Shaw's rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Moreover, to the extent Mr. Shaw seeks to appear *pro se* on behalf of his children, he may not do so. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed *pro se* on behalf of his children in federal court).

As noted above, Mr. Shaw vaguely contends that the actions described in his complaint violated his civil rights under 42 U.S.C. § 1983 as well as various criminal statutes. Criminal statutes, however, do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *see also Fuller v. Unknown Officials from the Justice Dept. Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (no private cause of action for perjury under 18 U.S.C. § 1621); *Cangelosi v. New Orleans Hurricane Shutter and Window, LLC*, No. 12-427, 2013 WL 395138, at *2 n.14 (E.D. La. Jan.

3

31, 2013) (noting that 18 U.S.C. § 876 provides no private cause of action); *Anderson v. Wiggins*, 460 F. Supp. 2d 1 (D.D.C. 2006) ("Private causes of action are also precluded for the criminal statutes located at 18 U.S.C. § 1001 . . . ."). Furthermore, it is not clear from the Complaint what civil rights Mr. Shaw believes were violated, how those rights were violated, and how Mr. Shaw was harmed in a manner that gives rise to an actionable claim. Accordingly, the Court will dismiss the complaint pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(ii).

In deference to Mr. Shaw's *pro se* status, the Court will give him leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that he can state a plausible claim that lies within this Court's jurisdiction. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail what rights Mr. Shaw believes were violated and how each defendant was responsible for violating those rights. Mr. Shaw is advised that if he fails to file an amended complaint, his case may be dismissed for failure to prosecute without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Shaw leave to proceed *in forma pauperis* but will dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as Rule 8 of the Federal Rules of Civil Procedure. This dismissal is without prejudice to Mr. Shaw's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.